UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN DALE MARSHALL, | ) | CASE NO.: 5:25-cv-01529 |
| | ) | 5:22-cr-00563 |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Respondent. | ) | (Resolves Docs. 74, 75) |
| | ) | |

This matter is before the Court upon Benjamin Dale Marshall's ("Marshall") *Motion to Vacate, Set Aside, or Correct a Sentence* pursuant to 28 U.S.C. § 2255 (Doc. 74). The United States of America (the "Government") filed the *Government's Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence.* Doc. 75. The matter is now fully briefed and ready for disposition. For the reasons set forth herein, the Motion is DENIED.

I. PROCEDURAL BACKGROUND

A federal grand jury returned an indictment charging Marshall with distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). Doc. 1. Marshall pled guilty pursuant to a plea agreement. Doc. 44. On February 27, 2024, the Court sentenced Marshall to 84 months' imprisonment, consecutive to a sentence imposed by Judge Nugent in a separate federal case. Doc. 62. Marshall filed the *Notice of Appeal* (Doc. 64), and the Sixth Circuit dismissed the appeal. *See United States v. Marshall*, No. 24-3192, 2025 U.S. App. LEXIS 2513 (6th Cir. Feb. 4, 2025). He then filed the instant Motion, wherein he argues that he was denied effective assistance of counsel.

1

## II.     LEGAL STANDARD

A prisoner in custody that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must show that (i) the sentence was imposed in violation of the Constitution or laws of the United States, (ii) the court was without jurisdiction to impose such sentence, (iii) the sentence was in excess of the maximum authorized by law, or (iv) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Marshall's claim of ineffective assistance of counsel falls in the first category because he alleges that his constitutional right to the effective assistance of counsel was violated. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

A motion made pursuant to 28 U.S.C. § 2255 is the appropriate vehicle for raising a claim of ineffective assistance of counsel. *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir. 1992) ("Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue.") The test of counsel's effectiveness was set forth by the Supreme Court in *Strickland v. Washington*. The measure used is whether the representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To succeed on their claim of ineffective assistance of counsel, the defendant must show both a deficient performance and resulting prejudice. *Id.* at 688. Counsel's performance is evaluated considering all circumstances, based on their perspective at the time. *Snider v. United States*, 908 F.3d 183, 192 (6th Cir. 2018) (citing *Strickland*, 466 U.S. at 689). Further, counsel's strategic choices are granted a high level of deference under the presumption that the challenged action might be considered sound trial strategy. *Tremble v. Burt*, 497 Fed. Appx. 536, 574 (6th Cir. 2012) (citation and internal quotation marks omitted). The second part of the *Strickland* test – whether there was resulting prejudice – is more difficult. To succeed on this prong, a defendant must prove that there is "a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019) (citation omitted).

### III.   ANALYSIS

Marshall argues that trial counsel was ineffective when they did not argue that his separate federal case constituted relevant conduct, therefore leading to a longer sentence because the sentence in this case was not grouped with his separate sentence. Doc. 4 at p. 17.

Relevant conduct, or activity that was 'part of the same course of conduct or common scheme as the offense' may be considered when calculating the sentencing guidelines range. *United States v. Bowens*, 938 F.3d 790, 798 (6th Cir. 2019) (internal citation and quotation marks omitted). The inquiry into whether conduct is part of the same course or a common scheme revolves around whether there is regularity, similarity, and timing. *Id.* at 799. Marshall argues that his federal conviction for felon in possession of a firearm, with an offense date of January 17, 2021 (*see* Case No. 5:21-cr-00147 (N.D. Ohio)) constitutes relevant conduct in relation to his underlying conviction for the distribution of methamphetamine on or about July 23, 2020. Doc. 74 at p. 17.

These two crimes do not constitute relevant conduct or conduct that was part of a common scheme. First, "two instances of unlawful conduct is not 'regular' conduct." *Bowens* at 799. The convictions, one for illegal possession of a firearm and the other for the illegal distribution of drugs, are only "regular" and "similar" in that they are both federal crimes. And last, the timing of the instances – about six months apart – does not suggest the two acts were part of the same course of conduct. Therefore, any relevant conduct argument by trial counsel in support of a different sentence would have been futile, and counsel was not ineffective for withholding a baseless objection. *See Strickland,* 466 U.S. at 688. Further, to the extent Marshall argues his sentences should have been concurrent, the authority to order a sentence concurrent with or consecutive to

any other sentence rests with the federal sentencing court. *Setser v. United States*, 566 U.S. 231, 237 (2012). At sentencing, the Court considered Marshall's state and federal convictions and sentences and determined that a consecutive sentence was appropriate given the separate criminal conduct underlying each case. *See Transcript of Sentencing Hearing*, Doc. 70 at pp. 23–24. Accordingly, this ground for relief is denied.

## IV.  CONCLUSION

For the foregoing reasons, Marshall's *Motion to Vacate, Set Aside, or Correct a Sentence* (Doc. 74) is DENIED.[1] Pursuant to 28 U.S.C § 1915(a)(3), the Court certifies that Marshall may not take an appeal from the Court's decision in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

November 18, 2025                                    */s/ John R. Adams*
DATE                                                          JOHN R. ADAMS
                                                                     UNITED STATES DISTRICT JUDGE

---

[1] In the Motion, Marshall includes a request for appointed counsel and a hearing on this matter. The Court may appoint counsel for a financially eligible individual in a § 2255 proceeding when the interests of justice require it. 18 U.S.C. § 3006A(a)(2)(B). The Court finds the issues herein are neither complex nor meritorious, therefore there is no basis for the appointment of counsel. Further, in a § 2255 proceeding, "no evidentiary hearing is necessary when a movant's claims cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Norwood v. United States*, No. 23-1684, 2025 U.S. App. LEXIS 2683, at *5 (6th Cir. Feb. 5, 2025) (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). As Marshall's claim lacks merit, an evidentiary hearing is not necessary.